Electronically Filed - Perry - August 26, 2019 - 03:16 PM

**IN THE CIRCUIT COURT OF PERRY COUNTY, MISSOURI**

| | |
|---|---|
| **RICK KNOP**<br>323 Mullins Road<br>Chester, Illinois 62233<br><br>and<br><br>**SHERI BAUGHMAN**<br>321 Mullins Road<br>Chester, Illinois 62233<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>**KYLE SALYERS**<br>Please serve:<br>108 Hayden Drive, Apt. F<br>Eddyville, Kentucky 42038<br><br>And<br><br>**OLD DOMINION FREIGHT LINE, INC.**<br>Please Serve Registered Agent:<br>The Corporation Company<br>120 South Central Avenue<br>Clayton, Missouri 63105<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION FOR WRONGFUL DEATH**

　　　Plaintiffs Rick Knop and Sheri Baughman, for their causes of action against Defendants Kyle Salyers and Old Dominion Freight Line, Inc., state and allege as follows:

　　　1.　　Plaintiff Rick Knop is a citizen and resident of the State of Illinois, residing at 323 Mullins Road, Chester, Illinois 62233. Rick Knop is the surviving father of Kara Knop and the surviving son of Georgia Lindenberg.

2. Plaintiff Sheri Baughman is a citizen and resident of the State of Illinois, residing at 321 Mullins Road, Chester, Illinois 62233. Sheri Baughman is the surviving mother of Kara Knop.

3. Plaintiffs Rick Knop and Sheri Baughman are the proper parties to bring this action for the wrongful death of Kara Knop as her surviving father and mother respectively, pursuant to R.S.Mo § 537.080.

4. Plaintiff Rick Knop is the proper party to bring this action for the wrongful death of Georgia Lindenberg as her surviving son, pursuant to R.S.Mo § 537.080.

5. Defendant Kyle Salyers ("Salyers") is a citizen and resident of the State of Kentucky, residing at 108 Hayden Drive, Apartment F, Eddyville, Kentucky 42038.

6. Defendant Old Dominion Freight Line, Inc. ("Old Dominion") is incorporated under the laws of the State of Virginia with its principal place of business in the State of North Carolina. It may be served with process through its registered agent The Corporation Company, 120 South Central Avenue, Clayton, Missouri 63105.

7. This Court has personal jurisdiction over Defendants Salyers and Old Dominion pursuant to R.S.Mo. § 506.210 and § 506.500 (1) and (3), in that Plaintiffs' causes of action arise from Defendants' operation of a tractor-trailer on a public highway and tortious acts within the State of Missouri.

8. This Court further has personal jurisdiction over Defendants because Old Dominion maintains systematic, continuous and substantial connections with the State of Missouri, it operates and maintains at least four (4) service centers across the State of Missouri (in St. Louis, St. Joseph, Columbia and Springfield), and it operates a website that citizens of the State of Missouri can access and apply for jobs or request shipping to and from the State.

9. Additionally, Defendant Old Dominion specifically targeted the State of Missouri by directing Defendant Salyers to deliver goods to the State for their mutual financial benefit.

10. This Court has subject matter jurisdiction over this matter pursuant to R.S.Mo. § 478.070 and Mo. Const. Art. V § 14.

11. Venue is proper in this Court pursuant to R.S.Mo. § 508.010 because Kara Knop and Georgia Lindenberg were first injured and killed in Perry County due to the wrongful acts and/or negligent conduct by the defendants described herein.

12. On July 24, 2018 at approximately 2:20 p.m., Kara Knop was driving a 2005 Chevrolet Malibu ("the Malibu") northbound on Missouri Highway 51 in Perry County, Missouri. Her grandmother Georgia Lindenberg was in the front passenger seat.

13. Then and there, Defendant Salyers was operating a 2015 Volvo Conventional tractor-trailer ("the tractor-trailer") southbound on Highway 51.

14. At the aforesaid time and place, the Malibu crossed the center line into the southbound lane of Highway 51.

15. Defendant Salyers operated the tractor-trailer in the southbound lane and failed to avoid the oncoming Malibu, striking it head-on.

16. The collision resulted in the injuries and deaths of Kara Knop and Georgia Lindenberg.

**COUNT I**
**WRONGFUL DEATH**
**Plaintiffs Knop and Baughman v. Defendant Kyle Salyers**

17. Plaintiffs incorporate herein by reference each and every allegation set forth in paragraphs 1 through 16 as if fully set forth herein.

18. Defendant Salyers was required to operate the tractor-trailer in a careful and prudent manner with the highest degree of care.

19. Defendant Salyers breached that duty of care and was thereby negligent in one or more of the following respects:

    a. Failing to keep a careful lookout;

    b. Failing to look far enough ahead;

    c. Failing to sound a warning;

    d. Failing to slow down;

    e. Failing to apply the brake in a timely manner;

    f. Failing to move to the shoulder to avoid a collision;

    g. Failing to swerve out of the way of the Malibu;

    h. Failing to stop, swerve or slow after he knew, or by use of the highest degree of care could have known, that there was a reasonable likelihood of a collision;

    i. Traveling too fast for the conditions;

    j. Traveling over the speed limit; and/or

    k. Other acts and/or omissions identified during discovery.

20. As a direct and proximate result of the negligence described above, the tractor-trailer struck the Malibu head-on.

21. As a direct and proximate result of the negligent acts and/or omissions described above, Kara Knop suffered severe injuries and was killed.

22. As a direct and proximate result of the negligent acts and/or omissions of Defendant Kyle Salyers described herein and the death of Kara Knop, Plaintiffs Rick Knop and Sheri

Baughman have suffered damages for the pain and suffering that Kara Knop endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo § 537.090 and/or Missouri law.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendant Salyers and award a fair and reasonable amount to adequately compensate Plaintiffs for all damages, including prejudgment interest, interest of judgment, costs of this action, as well as such other and further relief this Court deems just and proper.

<u>COUNT II</u>
WRONGFUL DEATH – *Respondeat Superior*
Plaintiffs Knop and Baughman v. Defendant Old Dominion

23.  Plaintiffs incorporate herein by reference each and every allegation set forth in paragraphs 1 through 22 as if fully set forth herein.

24.  At all relevant times, including at the time of the subject collision, Defendant Salyers was the employee, servant, and/or agent of Defendant Old Dominion, and was acting within the course and scope of his employment and/or agency with Defendant Old Dominion.

25.  The negligence of Defendant Salyers as set forth above is imputable to Defendant Old Dominion, and Defendant Old Dominion is therefore vicariously liable for Defendant Salyer's negligent acts and omissions under the doctrine of *respondeat superior*.

26.  As a direct and proximate result of the negligent acts and/or omissions of Defendant Old Dominion described herein and the death of Kara Knop, Plaintiffs Rick Knop and Sheri Baughman have suffered damages for the pain and suffering that Kara Knop endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral

5

Electronically Filed - Perry - August 26, 2019 - 03:16 PM

expenses and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo § 537.090 and/or Missouri law.

WHEREFORE Plaintiffs respectfully requests that this Court enter judgment against Defendant Old Dominion and award a fair and reasonable amount to adequately compensate Plaintiffs for all damages, including prejudgment interest, interest of judgment, the costs of this action, as well as such other and further relief this Court deems just and proper.

**COUNT III**
**WRONGFUL DEATH**
**Plaintiff Knop v. Defendant Kyle Salyers**

27. Plaintiffs incorporate herein by reference each and every allegation set forth in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant Salyers was required to operate the tractor-trailer in a careful and prudent manner with the highest degree of care.

29. Defendant Salyers breached that duty of care and was thereby negligent in one or more of the following respects:

    a.    Failing to keep a careful lookout;

    b.    Failing to look far enough ahead;

    c.    Failing to sound a warning;

    d.    Failing to slow down;

    e.    Failing to apply the brake in a timely manner;

    f.    Failing to move to the shoulder to avoid a collision;

    g.    Failing to swerve out of the way of the Malibu;

      h.      Failing to stop, swerve or slow after he knew, or by use of the highest degree of care could have known, that there was a reasonable likelihood of a collision;

      i.      Traveling too fast for the conditions;

      j.      Traveling over the speed limit; and/or

      k.      Other acts and/or omissions identified during discovery.

30. As a direct and proximate result of the negligence described above, the tractor-trailer struck the Malibu head-on.

31. As a direct and proximate result of the negligent acts and/or omissions described above, Georgia Lindenberg suffered severe injuries and was killed.

32. As a direct and proximate result of the negligent acts and/or omissions of Defendant Kyle Salyers described herein and the death of Georgia Lindenberg, Plaintiff Rick Knop has suffered damages for the pain and suffering that Georgia Lindenberg endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo § 537.090 and/or Missouri law.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendant Salyers and award a fair and reasonable amount to adequately compensate Plaintiff for all damages, including prejudgment interest, interest of judgment, costs of this action, as well as such other and further relief this Court deems just and proper.

### COUNT IV
### WRONGFUL DEATH – *Respondeat Superior*
### Plaintiff Knop v. Defendant Old Dominion

33. Plaintiff incorporate herein by reference each and every allegation set forth in paragraphs 1 through 32 as if fully set forth herein.

34. At all relevant times, including at the time of the subject collision, Defendant Salyers was the employee, servant, and/or agent of Defendant Old Dominion, and was acting within the course and scope of his employment and/or agency with Defendant Old Dominion.

35. The negligence of Defendant Salyers as set forth above is imputable to Defendant Old Dominion, and Defendant Old Dominion is therefore vicariously liable for Defendant Salyer's negligent acts and omissions under the doctrine of *respondeat superior.*

36. As a direct and proximate result of the negligent acts and/or omissions of Defendant Old Dominion described herein and the death of Georgia Lindenberg, Plaintiffs Rick Knop has suffered damages for the pain and suffering that Georgia Lindenberg endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo § 537.090 and/or Missouri law.

WHEREFORE Plaintiffs respectfully requests that this Court enter judgment against Defendant Old Dominion and award a fair and reasonable amount to adequately compensate Plaintiff for all damages, including prejudgment interest, interest of judgment, the costs of this action, as well as such other and further relief this Court deems just and proper.

Respectfully submitted,

By: _____
Bradley D. Kuhlman   #42596
Chad C. Lucas         #50822
Kuhlman & Lucas, LLC
4700 Belleview Ave, Suite 300
Kansas City, Missouri 64112
Telephone: (816) 799-0330
Facsimile: (816) 799-0336
brad@kuhlmanlucas.com
chad@kuhlmanlucas.com

and

John C. Steffens      # 63267
The Limbaugh Firm
407 N. Kingshighway, Suite 400
Cape Girardeau, Missouri 63071
Telephone: (573) 335-3316
Facsimile: (573) 335-0621
jsteffens@limbaughlaw.com

**Attorneys for Plaintiffs**