UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICK KNOP, and, <br> SHERI BAUGHMAN <br><br> Plaintiffs, <br><br> v. <br><br> KYLE SALYERS, and <br> OLD DOMINION FREIGHT LINE, INC. <br><br> Defendants. | Cause No. 1:19-cv-186 AGF <br><br> Missouri Circuit Court for Perry County <br> Missouri Cause No. 19PR-CC00047 |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion to remand pursuant to 28 U.S.C. §1441. ECF No. 11. For the reasons set forth below, the motion will be denied.

### BACKGROUND

Plaintiffs Rick Knop and Sheri Baughman originally filed this personal injury lawsuit in state court in August 2019 after their daughter and Knop's mother were killed in a head-on collision with a tractor trailer owned by Old Dominion Freight Line and driven by Kyle Salyers (together, Defendants) on Highway 51 in Perry County, Missouri. In their petition, Plaintiffs plead that they are citizens of Illinois, that Salyers is a citizen of Kentucky, and that Old Dominion is incorporated in Virginia and has its principle place of business in North Carolina. ECF No. 11-1, ¶¶ 1, 2, 5, 6.

Old Dominion received service of Plaintiffs' petition on August 30, 2019, and timely filed an answer in state court. Salyers received service on September 25, 2019,

and timely removed the case to this Court, on October 22, 2019, indicating in his Notice of Removal that Old Dominion also consented to removal. ECF No. 1, ¶ 18. Both Defendants are represented by the same attorney.

On November 21, 2019, Plaintiffs filed the present motion to remand, asserting that (1) Defendants' notice of removal is procedurally defective because Old Dominion did not timely and adequately certify its consent and (2) this Court lacks subject matter jurisdiction in that the parties are not completely diverse, because Old Dominion does business in Illinois. Defendants respond that (1) Old Dominion's consent was indeed timely and sufficient and (2) the parties are diverse according to Plaintiffs' own pleadings. The parties do not dispute that the amount in controversy exceeds $75,000.

## DISCUSSION

### Old Dominion's Consent

With respect to timeliness, Plaintiffs rely on precedent pre-dating the 2011 amendment to 28 U.S.C. §1446 suggesting that a first-served defendant's failure to remove forecloses the possibility of removal for all later-served defendants. *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F. Supp. 351, 354 (E.D. Mo. 1981). This is not an accurate statement of the current law. When defendants are served at different times, an earlier-served defendant may consent to the timely removal by a later-served defendant even if the filing of removal is not within thirty days of service of the earlier-served defendant. *Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017) (citing 28 U.S.C. § 1446(b)(2)(C)). Old Dominion's consent, through Salyers's timely notice of removal, was timely.

With respect to form, generally speaking, a defendant's "removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015).  Based on this general principle, Plaintiffs contend that Salyers's notice of removal, stating that Old Dominion consented through their shared counsel, is inadequate; rather, Old Dominion must file a separate notice of consent (through the same lawyer).  The Court fails to see the purpose of such an exercise on these particular facts.  The Eighth Circuit has recognized that "the written indication of consent can come in various forms" and has been "disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner." *Id*. at 1187.  Here, a separate notice by Old Dominion is redundant and unnecessary insofar as counsel already consented on its behalf pursuant to Rule 11.  *Id*. (noting that policy considerations regarding the validity of consent are addressed through Rule 11 sanctions).  For these reasons, Plaintiffs' objection to removal based on the timing and form of Old Dominion's consent is without merit.

**Complete Diversity**

Additionally, Plaintiffs contend that the Court lacks subject matter jurisdiction because they and Old Dominion are citizens of Illinois.  More specifically, Plaintiffs argue that Illinois should be deemed Old Dominion's principle place of business because it has significant operations there.  Plaintiffs' arguments reflect a confusion of principles governing personal jurisdiction, venue, and choice of law not applicable here, as opposed

to subject matter jurisdiction. For purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated and has its principle place of business. 28 U.S.C. § 1332(c)(1). In their petition, Plaintiffs pleaded that Old Dominion is incorporated in Virginia and has its principal place of business in North Carolina. ECF No. 11-1, ¶ 6. Defendants admitted these facts in their answer (ECF No. 11-7, ¶ 6) and reaffirmed the accuracy of these facts as the basis for diversity jurisdiction in their notice of removal. ECF No. 1, ¶ 9. Plaintiffs cannot now retract their factual pleadings and assert different facts to avoid removal. Matters alleged in the complaint are binding admissions. *Worley v. Celebrate Children Int'l, Inc.*, No. 1:16-CV-96, 2016 WL 6777899, at *2 (E.D. Mo. Nov. 16, 2016) (citing *Missouri Housing Develp. Com'n v. Brice*, 919 F.2d 1306, 1315 (8th Cir. 1990). Old Dominion's operations in Illinois do not refute the fact, properly asserted by Old Dominion, and pleaded and admitted in Plaintiffs' petition, that its principle place of business is in North Carolina. As such, the parties are completely diverse. As previously noted, the parties do not dispute that the amount in controversy exceeds $75,000. As such, this Court has subject matter jurisdiction under the diversity statute.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **DENIED**.  ECF No. 11.  The Court will issue a separate order setting a Rule 16 scheduling conference.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2020