# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RICK KNOP and SHERI BAUGHMAN,<br><br>       Plaintiffs,<br><br>v.<br><br>KYLE SALYERS and<br>OLD DOMINION FREIGHT LINE, INC.,<br><br>       Defendants. | Case No. 1:19-cv-186-AGF |

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT
## AND ALLOCATION OF PROCEEDS

This matter is before the Court on the motion of Plaintiffs Rick Knop and Sheri Baughman to approve a wrongful death settlement with Defendants Kyle Salyers and Old Dominion Freight Line, Inc. pursuant to MO. REV. STAT. § 537.095.  ECF No. 33.

This case arose as a result of an auto accident in which Plaintiffs' daughter, Kara Knop, and Mr. Knop's mother, Georgia Lindenberg, were killed when their vehicle collided with a semi-truck driven by Mr. Salyers and owned by Old Dominion. The parties reached a confidential settlement through mediation, and Plaintiffs filed the present motion to approve the settlement and proposed distribution of proceeds. Attached to Plaintiffs' motion and filed under seal are a Settlement Agreement and Release and the proposed distribution. ECF No. 33, Ex. 1 and 2.  The parties have confirmed that they are bound to the terms of the settlement.

A hearing on the motion was held by videoconference on January 29, 2021.  Plaintiffs appeared with counsel.  Defendants appeared through counsel.  Plaintiffs testified and confirmed that they understood and accepted the terms of the settlement, they were satisfied with the services of their counsel, and counsel's fees and expenses were consistent with counsel's fee agreement.

Additionally, counsel provided an itemization of litigation expenses and costs. The Court also explored the sufficiency of notice to an absent heir, Georgia Lindenberg's daughter, Glenda Wade (Mr. Knop's sister). After determining that questions remained with respect to the adequacy of notice to Ms. Wade and the parties' wishes with respect to the distribution to her, the Court continued proceedings in this matter to permit Plaintiffs to supplement the record with respect to Ms. Wade's notice and understanding of the settlement and her participation in the proceeds. Plaintiffs later filed an affidavit by Ms. Wade confirming her understanding and acceptance of the settlement, together with a revised distribution proposal reflecting an allocation of a portion of proceeds to Ms. Wade. Plaintiffs testified that there are no other beneficiaries of either decedent.

Upon careful consideration of the evidence, and as spread upon the record in further detail at the hearing, the Court finds as follows.

1. Plaintiffs are the parents of Kara Knop. Ms. Knop was not married and had no children at the time of her death, and there are no other wrongful death beneficiaries as defined under MO. REV. STAT. § 537.080.1(1). Claims arising from the wrongful death of Kara Knop will be allocated 80 percent of the settlement proceeds.

2. Plaintiff Rick Knop is the son of Georgia Lindenberg. He brings this wrongful death claim on behalf of himself and his sister, Ms. Glenda Wade, who is Ms. Lindenberg's daughter. Ms. Lindenberg was widowed and had no other living children at the time of her death, and there are no other wrongful death beneficiaries as defined by the statute. Claims arising from the wrongful death of Georgia Lindenberg will be allocated 20 percent of the settlement proceeds.

3. Although Defendants deny liability to Plaintiffs of any kind or character, the parties have negotiated a compromise and settlement. The gross amount and proposed allocation of the

settlement is entered into the record under seal. ECF No. 39-2. The parties' consent to the settlement and distribution in accordance with the agreement and proposal before the Court.

4. Plaintiffs and their attorneys believe and have represented to the Court that the settlement amount and settlement agreements are fair and reasonable considering all the facts and circumstances, and that the Court's approval would be in their best interests.

5. Plaintiffs waive a trial by jury and their right to appeal.

6. Plaintiffs' attorney fees and expenses are consistent with Plaintiffs' expectations under counsel's fee agreement (ECF No. 35), and the fees and expenses set forth in the proposed distribution (ECF No. 39-2), as further detailed during the hearing, are fair and reasonable.

7. The proposed settlement distribution is fair and reasonable and should be approved.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. Trial by jury and right to appeal have been knowingly and voluntarily waived by Plaintiffs on their behalf and on behalf of all wrongful death beneficiaries, including Ms. Glenda Wade.

2. The proposed settlement, including the allocation as between the beneficiaries of the two decedents, the Settlement Agreement and Release (ECF No. 33-1), and the proposed distribution (ECF No. 39-2) are fair and reasonable and are approved.

3. Defendants shall immediately issue all settlement proceeds to Plaintiffs.

4. Plaintiffs shall acknowledge satisfaction in whole for the settlement proceeds received on behalf of Defendants.

5. Plaintiffs shall distribute the net proceeds in accordance with the proposed distribution (ECF No. 39-2).

6.      After payment of the settlement is complete, Plaintiffs shall file a Stipulation of Dismissal with Prejudice as to all claims against Defendants and confirming distribution in accordance with the settlement.

 

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March 2021.